IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANDY GILBERT, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| PDL SUPPORT.COM, LLC, § | |
| Defendant § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Mandy Gilbert ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Mandy Gilbert ("Plaintiff"), is a natural person residing in the State of Texas, County of Dallas.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.50(a)(1) and TEX. FIN. CODE § 392.001(1).

8. Defendant, PDL Support.com, LLC ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by TEX. FIN. CODE § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with collection of the alleged debt in default, Defendant called Plaintiff's cellular phone on October 27, 2011 at 11:26 A.M., and at such time, left the following message:

> "Hello. This is PDL Support. We have an important update regarding your account. If you can please give us a call back at our toll-free number 866-722-2770 option 5. Again that number to reach us at is 866-722-2770 option 5. Thank you, and we look forward to speaking with you."

14. In its voicemail message of October 27, 2011, Defendant failed to inform Plaintiff that the communication was from a debt collector.

15. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of October 27, 2011.

16. In its voicemail message of October 27, 2011, Defendant further failed to state that said call was for the purposes of obtaining location information.

17. Defendant's actions constitute conduct highly offensive to a reasonable person.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692(D)(6)

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

　　a) Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692E(11)

20. Plaintiff repeats and re-alleges each and every allegation contained above.

21. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692B

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. In the alternative, Defendant violated 15 U.S.C. § 1692b when Defendant failed to state that the purpose for contacted a third party was obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692C(B)

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. In the alternative, Defendant violated 15 U.S.C. § 1692c(b) when Defendant failed to state that the purpose for contacted a third party was obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF TEX. FIN. CODE § 392.304(A)(5)(A)

26. Plaintiff repeats and re-alleges each and every allegation above.

27. Defendant violated TEX. FIN. CODE § 392.304(A)(5)(A) by failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, where the communication was the initial written or oral communication between Defendant and Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated TEX. FIN. CODE § 392.304(A)(5)(A);

    b) Awarding Plaintiff statutory damages pursuant to the TDCA;

    c) Awarding Plaintiff actual damages pursuant to the TDCA;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF TEX FIN CODE § 392.304(A)(19)

28. Plaintiff repeats and re-alleges each and every allegation above.

29. Defendant violated TEX FIN CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated TEX FIN CODE § 392.304(a)(19);

  b) Awarding Plaintiff statutory damages pursuant to the TDCA;

  c) Awarding Plaintiff actual damages pursuant to the TDCA;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF DTPA

30. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

31. A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA. TEX. FIN. CODE. § 392.404(a)

32. Defendant violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

  b) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

  c) Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

33.  Plaintiff is entitled to and hereby demands a trial by jury.

            Respectfully submitted,

            By: /s/ Dennis R. Kurz
            Dennis R. Kurz
            Texas State Bar # 24068183
            Dkruz@attorneysforconsumers.com
            WEISBERG & MEYERS, LLC
            Two Allen Center
            1200 Smith Street
            Sixteenth Floor
            Houston, TX 77002
            Telephone:  (888) 595-9111
            Facsimile:  (866) 565-1327

            Kirk Claunch
            Texas Bar No. 04326075
            Jim Claunch
            Texas Bar No. 04326000
            2912 West Sixth Street
            Fort Worth, Texas 76107
            Telephone:  (817) 335-4003
            Facsimile:  (817) 335-7112

            *Attorneys for Plaintiff*
            MANDY GILBERT